HOLDRIDGE vs. THE UTICA AND BLACK RIVER RAILROAD
COMPANY.

Where a passenger upon the defendant's railroad, having his valise checked from
Boonville to Utica, on the arrival of the cars at the latter place left the valise
in the open depot, after seeing it placed where baggage was usually kept
during the day, in the charge of an employee of the company, without giving
any directions or making any arrangement respecting it, and did not present
his check, or call for his valise, until nearly twenty-four hours afterwards;
*Held* that he was guilty of negligence; and that the defendant was not liable
for the loss of the valise, during the interval, by theft.

APPEAL from a judgment of the county court of Oneida,
affirming a judgment rendered for the plaintiff in a
justice's court.

The plaintiff, who resided at Boonville in Oneida county,
left his home in September, 1864, for the purpose of going
to Frankfort in the county of Herkimer.   He took passage
on the railroad train of the defendant at Boonville, for
Utica, which was about thirty-five miles from Boonville,
and about nine miles from Frankfort, and paid for his
passage to Utica, and had his valise, which contained
clothing, checked to that place.   The train arrived at Utica
at about half past ten o'clock in the forenoon, behind time,
and after the morning train on the New York Central
Railroad, which made a stop at Frankfort, had passed
Utica.   He remained in Utica until the next day, though
there was another train from the west on the Central Rail-
road which would stop at Frankfort, and which passed
Utica at five o'clock in the afternoon of each day.   He saw
his valise once or twice, in the westerly end of the depot
at Utica, where baggage which arrived there on the road
which was checked for Utica was usually placed, and the
last time he saw it there, it was with much other baggage,
at about four o'clock of the day on which it arrived.   The
place where the valise was deposited by the defendant was
in the open depot of the New York Central Railroad, but
under cover, and having the west end inclosed, and a bag-

Holdridge *v.* Utica and Black River Railroad Company.

gage man was stationed there, whose duty it was to take charge of such baggage until delivered, and he was paid partly by the New York Central Railroad Company, and partly by the defendant. He testified that he was not absent for more than five minutes at any one time. The baggage checked on the defendant's road to Utica was usually kept at the place mentioned until night, and then, if not called for, it was put into a baggage room, for the night. The last that was seen of the plaintiff's valise, so far as appears from the testimony, was when the plaintiff last saw it; and it did not appear that any one else knew that it belonged to him, or could identify it. On the next day after its arrival, the plaintiff, at about ten o'clock in the forenoon, presented his check and demanded his valise, but it could not be found. The manner of its disappearance was unknown; though it doubtless was taken by some one, between the hour of four o'clock and the time when such baggage was locked up in the room for the night.

There was some conflict as to some of these facts, but as the jury found for the plaintiff, we are to assume that they found the facts most favorable to him.

The jury returned a verdict for the plaintiff for $44.25 damages, and $5 costs, for which amount the justice rendered judgment in his favor. The defendant appealed to the county court, which affirmed the judgment of the justice, with costs, from which an appeal was taken to this court.

*E. N. Graham,* for the appllant.

*E. B. Tallcott,* for the respondent.

*By the Court,* FOSTER, J. I think the decision of the Court of Appeals in *Roth* v. *The Buffalo and State Line Railroad Company,* (34 *N. Y. Rep.* 548,) controls this case.

There the plaintiff took passage on the defendant's railroad at Dunkirk, for Buffalo, and paid his fare and had his trunk checked to Buffalo. The train arrived at Buffalo behind time and at about 10 o'clock at night, the weather being cold, and the plaintiff, having his wife with him, did not call for his baggage, but went with her into the city, and staid all night. The next morning he presented the check for his baggage, which could not be found. No one saw the trunk after it left Dunkirk; and after the train arrived at Buffalo, part of the baggage was put into the baggage room in the New York Central Railroad depot, where the route of the defendant's railroad ended, but there was so much of it that a part had to remain in the open space of the depot, near the door of the baggage room. During the night a fire occurred, which burned the depot, and rendered it more than probable, if the baggage of the plaintiff reached Buffalo, that it was destroyed by the fire, which was accidental, and without fault of the defendant. The justice's court gave judgment for the plaintiff, from which the defendant appealed to the Superior Court, where the judgment of the justice was reversed, and on appeal to the Court of Appeals it was held that, under the circumstances, the liability of the defendant as a common carrier was at an end, and that it was liable only as an ordinary bailee, and for losses occasioned by its own fault. It was also held that it was the duty of the plaintiff, under these circumstances, to call for his baggage that night, and that therefore the loss was attributable to his own fault.

The only circumstance which can make the case before us more favorable to the plaintiff is, that *there* the loss was occasioned by an accidental fire, and that here the loss was probably occasioned by theft, from which vigilance on the part of the defendant would have guarded it. It however appears that the valise was kept where such bag-

gage was always kept, and that this occurred while a state aggricultural fair was being held at Utica, and that during the time of that fair as many as 500 more articles were daily received there than was usual. So far as the negligence of the plaintiff in this case has to do with our determination, it was much more palpable than in the case cited. There the negligence of Roth consisted in not calling for his baggage from ten o'clock at night till ten the next morning. Here the negligence continued from half-past ten in the morning to nearly the same time of the next day.

The judgment of the county court, and of the justice's court, should be reversed, with costs.

Judgment accordingly.

[ONONDAGA GENERAL TERM, April 7, 1868. *Foster*, *Morgan* and *Mullin*, Justices.]